UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CR 607 AGF |
| | ) |
| VIDAL SHEEN, | ) |
| | ) |
| Defendant. | ) |

## **GOVERNMENT'S SENTENCING MEMORANDUM**

The Government files its sentencing memorandum, and respectfully requests that the Court impose a sentence for defendant Vidal Sheen ("Dr. Sheen") that recognizes the seriousness of defendant's crimes, the need for deterrence, and all the other factors in 18 U.S.C. § 3553.

**I.   The Nature, Circumstances, and Seriousness of the Offense**

In this case, defendant pled guilty to a charge brought under 18 U.S.C. § 1519, which prohibits the falsification of records in federal investigations. As the presentence report ("PSR") discusses in greater detail, defendant provided falsified medical records to the Federal Bureau of Investigation in response to a subpoena that had been issued to his medical practice. *United States v. Gray*, 642 F.3d 371, 375 (2d Cir. 2011) contains a useful discussion of this statute and the other federal criminal obstruction statutes like 18 U.S.C. § 1503. Congress intentionally drafted § 1519 to be broad, and it does not include any technical requirement to tie the obstructive conduct to a pending formal Court or Grand Jury proceeding. *Gray*, 642 F.3d at 377.

In this case, defendant's signed medical records falsely suggested that he had provided patients with "face-to-face" office visits in St. Louis when, in reality, he was out of town on vacation in Florida, Mexico, and the Dominican Republic. PSR, ¶ 19 (discussing 11 trips with "out of town" program billing). These false statements were important to the F.B.I.'s

1

investigation, as health care benefit programs typically pay for office visits only when the doctor was face-to-face with patients, took histories, performed examinations, and made medical decisions.  *United States v. Singh*, 390 F.3d 168, 187-88 (2d Cir. 2004) (generally discussing CPT office billing codes 99212-15 and finding they unambiguously require face-to-face contact between the doctor and the patient before program could properly be billed.

## II. History and Characteristics of the Defendant

Dr. Sheen's decision to pay full restitution before sentencing is a positive factor for sentencing, and certainly suggests that he has accepted responsibility.

Further, the Government agrees with the defense that Dr. Sheen is likely to face some collateral consequences from his conviction.  However, the exact amount and duration of any licensing and program consequences are hard to predict for any licensed professional.  The Court should not place too much weight on collateral consequences at sentencing.  *United States v. Musgrave*, 761 F.3d 602, 608-09 (6th Cir. 2014) (loss of accountant's license, fact of felony conviction, and his payment of legal fees not proper factors for sentencing).

## III. Relief Requested.

The Government respectfully requests that the Court sentence defendant with a sentence that recognizes all the factors in 18 U.S.C. 3553.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

  /s/ Andrew J. Lay                         
Andrew J. Lay
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 9, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for defendant.

        /s/ AUSA Andrew J. Lay